NICKOLAS L. BARNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket No. 21645-80.
United States Tax Court
T.C. Memo 1982-439; 1982 Tax Ct. Memo LEXIS 307; 44 T.C.M. (CCH) 656; T.C.M. (RIA) 82439; August 2, 1982. Nickolas L. Barnes, pro se. Edith Siler, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $1,987.00. The issues presented here for our determination are: (1) the amount of deduction allowable to petitioner on account of the use of his automobile in his trade or business, and (2) the amount of expense allowable as a deduction to petitioner on account of the use of an office in his home for the conduct of his business affairs. A third issue, involving the correct amount of general sales tax deduction, will be automatically adjusted in accordance with our resolution of the above two issues. FINDINGS OF FACT Some of the facts have been stipulated, and such stipulated facts together with attached exhibits are incorporated herein by this reference. Nickolas *309 L. Barnes, petitioner herein, and Rosalie Barnes, his wife, filed a joint Federal income tax return for the taxable year 1977. At the time this suit was commenced, petitioner was a resident of Chicago, Illinois. [1]
During 1977, and for some years prior thereto, petitioner owned and operated two rental residential buildings in Chicago. One of these buildings, located at 466-68 East 41st Street, contained two rental apartments, and the other building, located at 6532 South Rhodes Avenue, contained six rental units. During this same period, petitioner owned and occupied, with his family, his residence at 7336 South Constance Avenue in Chicago. In his home on Constance Avenue, petitioner in 1977 maintained an office in which he conducted his business affairs relating to his rental properties, as well as other business activities involving notary public service, and insurance and real estate activities. *310 The distance between the 41st Street apartment house and the South Rhodes Avenue apartment house is approximately three and a half miles. The distance between the Rhodes Avenue apartment house and petitioner's home and office is approximately two and a half miles. The distance between petitioner's home and office and the 41st Street apartment building is approximately four and a half miles. From January, 1977, to the middle of September of that year, petitioner was employed full time as an auditor for the Federal Government. In the middle of September, 1977, petitioner retired from this position because of disability. During the time he was employed by the Federal Government, petitioner was absent from work from 40 to 50 days due to physical problems. Petitioner personally supervised the operation of his two rental apartment houses and, in connection with this activity, used his personal automobile in making trips to the apartment buildings and to various suppliers of goods and services. Petitioner's wife also had an automobile which she used for her own purposes, and this automobile was not involved in petitioner's business activities. Petitioner's automobile was used by *311 him for both personal and business purposes. In his income tax return which was filed herein for 1977, petitioner computed allowable business expenses with respect to the business use of this automobile by taking the odometer reading of the automobile at the beginning of the year, subtracting this figure from the odometer reading of the automobile at the end of the year, and discounting the resulting figure by 25 percent for personal use. He then applied the allowable rate of $ .17 per mile to the resulting figure, producing a dollar amount of $2,224.45. To this, petitioner added the estimated amount of $375 for parking fees and tolls, and arrived at a total figure of $2,599.45, which he claimed in his tax return as deductible automobile expense. Upon audit, respondent disallowed this deduction in its entirety, on the grounds that petitioner had neither established that such amount was in fact incurred during the taxable year, nor had established that it was an ordinary and necessary business expense. At trial herein, petitioner offered evidence establishing that his car was used for business purposes during 1977 in an amount of 1,657 miles. Petitioner's home on Constance Avenue *312 was a single-family residence with its own separate lot. The house consisted of two floors and an attic above ground, and a full basement. The basement was divided into a recreation room, storage closets in which petitioner kept tools and business records, and an office in which petitioner conducted his business affairs relating to his rental properties, and his other business activities relating to income tax service, insurance and real estate. Petitioner's basement office contained the usual business furniture, such as a conference table, desk, chairs, filing cabinets, calculating machines, and a telephone which had two outside lines. There were three extensions of this telephone covering the two outside lines in other parts of the house. The business use by petitioner of his basement, as described above, covered 1/3 of the basement area, or 1/9 of the total house area (excluding any small attic area which may have existed). There is no evidence in this record that petitioner maintained an office for his personal business activities in any other place than his home. We find that it was his principal office. In his income tax return for the year 1977, petitioner claimed expenses *313 relating to his rental activities as deductions from income, including the amount of $2,012.96 which petitioner claimed as the allocable portion of the expenses of his home which were fairly attributable to the operation and maintenance of his home office. Such amount was computed by taking various identifiable items of expense, such as depreciation, utilities, telephone, taxes, interest, insurance, etc., and allocating various percentages (ranging from about 16 percent to 75 percent) to his home office. Petitioner, however, supplied no substantiation for the dollar amounts corresponding to these alleged expenses, from which such allocations were made, nor the basis for the percentage allocations. Respondent's statutory notice of deficiency herein disallowed all of petitioner's claimed home office expenses. In addition to the home office expenses claimed in his return, petitioner claimed various other expenses in connection with the operation of his two apartment houses. In his statutory notice of deficiency, respondent has disallowed specific expenses with respect to the respective apartment houses as follows: Item
466-68 East 41st St.
6532 So. Rhodes Ave.
Attorney's Fees
$569.85
$227.95
Sundry Costs
270.02
Publications
53.49
Contributions
[2] 388.87
*314 Petitioner offered no substantiation at trial as to any of the above amounts. OPINION It is undisputed in this record that petitioner owned two rental apartment buildings at varying distances from his home in Chicago. It is also not disputed that petitioner personally supervised the management and operation of these buildings, and that he used his automobile in connection therewith, in traveling from his home/office to these buildings as well as to the places of business of various suppliers of building equipment, parts and supplies. Respondent does not question the above, but has disallowed petitioner's claimed deduction for automobile expense on the grounds of lack of substantiation. Petitioner kept no formal records or logs which would contain an accurate separation of his business and personal use of the automobile. The legitimate operating expenses of an automobile used in taxpayer's trade or business are clearly deductible under section *315 162. [3]Section 1.162-1(a), Income Tax Regs. As in the case of other deductions allowed by the Code, however, the burden is upon the taxpayer to show the amount of the deduction to which he is entitled, New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934), and this is particularly true where, as here, the source of the deduction (business automobile use) must be separated from nondeductible personal use. See section 262. Anderson v. United States,368 F.2d 225, 226 (5th Cir. 1966); Michaels v. Commissioner,53 T.C. 269, 275 (1969). Although the burden is on the taxpayer to maintain adequate records from which his allowable deductions may be determined, in the absence of formal records, other evidence may be used from secondary sources by which some reasonable approximation of the allowable amount may be determined. Section 1.162-17(d), Income Tax Regs.[4] Since the record is clear that petitioner did use his automobile in the conduct of his business, we must examine the present record to see whether any basis exists for the allowance of a deduction with respect to this use. In so doing, we must work with the evidence which is *316 before us, and the Court * * * should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. [Cohan v. Commissioner,39 F.2d 540, 543, 544 (2nd Cir. 1930)]
At trial herein, it was apparent that petitioner had no type of substantiation for the method used by him in computing the automobile expense deduction in his tax return. He merely testified that he took the total mileage the car was driven in 1977, from the odometer, discounted such figure by 25 percent for personal use, and applied the allowable rate of $ .17 per mile to produce a dollar figure, and then increased that by an estimated amount for parking fees and tolls. Since there was a complete absence of substantiation with respect to this *317 computation, we discard it. However, at trial petitioner testified at some length with regard to trips which he made from his home/office to the places of business of various suppliers, and from there to his two apartment buildings, in connection with his rental activities. In support of this testimony, petitioner prepared a schedule, which was entered into evidence. Petitioner prepared this schedule by taking bills and receipts from the various suppliers whom he visited for a sample period during the year, and then computing the distance between his home/office and the respective places of business, as well as from the suppliers' places of business to his two apartment buildings. He also computed the number of trips made to each supplier during the period. The result was a total of 65 trips made during the period, of varying lengths. Petitioner's testimony was vague with regard to the period of time during the year 1977 represented by his exhibit. He conceded that it was less than the full year, and said that it covered a period of "two or three months." We find this testimony inherently incredible as to the period of time covered, since it would have involved petitioner *318 making a trip to a supplier and to one or more of his apartment houses in every two out of three days of a 90-day period (three months), including Saturdays, Sundays and holidays. We also bear in mind that during most of the year 1977, petitioner was employed on a full-time basis by the Federal Government, and therefore did not have as much time available to attend to his apartment houses. Nevertheless, we think that petitioner's approach, as represented by the sampling contained in his exhibit which was admitted in evidence, does have some merit. We have accordingly accepted it as being a reasonable estimation of business trips which petitioner made in connection with his rental properties during a six-month period of 1977. This would involve petitioner making a trip with respect to his properties about every third day, which does not appear unrealistic. Using petitioner's testimony, as substantiated by his evidence in this record regarding the number of trips taken and distances between points, and annualizing such information on the basis of a full year, we have reconstructed mileage traveled by petitioner for business purposes in 1977 on the basis of the distance between *319 petitioner's home/office to the supplier's place of business, from there to one of petitioner's apartment houses, and from such apartment house back to petitioner's home/office. [5] In so doing, we have used a weighted average approach, assuming that petitioner made three times as many trips to the 41st Street apartment building as he did to the Rhodes Avenue apartment building, because the former had three times as many rental units. We have also eliminated one supplier shown on petitioner's schedule (C&R Glass Company) which petitioner acknowledged was not visited with respect to his rental properties. The result of this recomputation is the following: From petitioner's office to the supplier
(320.68 mi. X 4)
1,282.72    From supplier to Rhodes Avenue
(304.95 mi. X 3)
914.85    From supplier to 41st Street
(336.06 mi. X 1)
336.06    From Rhodes Avenue to home office
(65 trips X 2-1/2 mi. X 3)
487.50    From 41st Street to home office
(65 trips X 4-1/2 mi. X 1)
292.50    TOTAL
3,313.63 mi.
Divide by 4 (weighted average)
828.41 mi.
Annualize from 6 mos. to 1 year (X2) (rounded)
1,657.00 mi.
Allowable rate in 1977 at $ .17 per mi. X 1,657 mi. equals allowable deduction of [6]
$281.60    *320 We allow nothing herein for any tolls, parking fees, or trips other than to the rental apartments and the suppliers. Such other trips may have been made, and such other expenses may have been incurred, but there is insufficient evidence in this record for any further allowances. We turn now to the controversy involving the deductibility of certain items claimed by petitioner in connection with his apartment rental activities. Respondent does not contend that petitioner was not engaged in a trade or business with respect to these apartment rentals, and that ordinary and necessary expenses of carrying on such a trade or business are not deductible by petitioner under section 162. As noted in our findings of fact, however, respondent has disallowed certain specific items claimed as deductions by petitioner with respect to one or the other of the apartment buildings, and respondent has further disallowed in toto petitioner's claim for deductions with regard to home office expenses. As to the specific disallowances by respondent of items relating to one or another of the two apartment buildings, we must sustain respondent's *321 disallowances on the grounds of failure of substantiation. Petitioner has the burden of proof with respect to his claimed expense deductions which respondent has disallowed, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.[7] As to the deduction items relating to specific properties, the only one on which petitioner offered any testimony at all was with respect to the item of attorney's fees. In addition to failing to offer any evidence substantiating the amounts claimed, petitioner's testimony also indicated that a large but undefined part of the claimed fees were paid to attorneys in connection with an attempt to acquire another piece of property. Any amount of the claimed fees relating to this type of activity would not be deductible under section 162 in any event, since they would have been incurred in connection with the acquisition of a capital asset. See Mitchell v. United States,187 Ct. Cl. 342, 408 F.2d 435 (1969). *322 Turning to the controversy regarding the deduction of petitioner's claimed home office expenses, we likewise hold that respondent must prevail here, since petitioner offered no substantiation with respect to the amounts claimed. We note here that petitioner did satisfy his necessary burden of proof herein in showing that his home office was his principal place of business for the conduct of his apartment rental activities, section 280A(c)(1)(A), [8] (as amended in December, 1981, by P.L. 97-119, 95 Stat. 1642 and effective for taxable years beginning after December 31, 1975), and we are further satisfied that the record establishes a reasonable basis through testimony offered herein as to a proper allocation of any expenses which petitioner may have incurred in connection with the operation of his home, based on the size of his home office, compared to the total floor area of his house, [9] and we have made appropriate findings to that effect. Unfortunately, there is a total absence of proof as to the third leg of the tripod which must support petitioner, viz., the dollar amount of the expenses incurred by him as to which allocable portions would be allowable, and this infirmity *323 comprehends even those items, such as interest and taxes, which would be deductible under sections 163 or 164 without regard to any requirements and limitations of sections 162 or 280A. With respect to the rental expenses issue, therefore, we hold for respondent. Decision will be entered under Rule 155.
Footnotes
1. Although petitioner and his wife filed a joint return for 1977, and respondent's notice of deficiency was accordingly addressed to them jointly, only petitioner Nickolas L. Barnes has appealed to this Court from such determination and accordingly is the only petitioner herein.↩
2. Although this amount was disallowed as an expense of operating petitioner's rental property, it was included as an additional deduction for charitable contributions which respondent granted to petitioner in his statutory notice.↩
3. All section references herein are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue. ↩
4. Since petitioner's travel was not "away from home", United States v. Correll,389 U.S. 299 (1967); Paolini v. Commissioner,T.C. Memo. 1982-69, the stricter requirements of section 1.274-5, Income Tax Regs.↩, do not apply.
5. Since, as we have found, the home office was petitioner's principal place of business for his rental business, the expense of travel from such office to other locations of the same business is deductible, even though the office is located in his home. Curphey v. Commissioner,73 T.C. 766↩ (1980), on appeal to 9th Cir., November 24, 1980.
6. See Rev. Proc. 77-40, 1977-2 C.B. 574↩.
7. We note here that although respondent's notice of deficiency herein did not appear specifically to place the dollaramount of the disputed deductions in issue, nor did respondent's answer, it is apparent from the petitioner's statements at trial that he was aware that respondent was contesting, inter alia, the correctness of the dollar amounts which he had claimed; in other words, the substantiation aspect of the claimed deductions was fairly communicated to the petitioner as being in issue well in advance of trial, so that no prejudice to him resulted from the rather ambiguous language of the statutory notice. Cf. Commissioner v. Transport Mfg. & Equip. Co.,478 F.2d 731↩ (8th Cir. 1973).
8. See Curphey v. Commissioner,supra, footnote 12, 73 T.C. at 777↩. 9. Compare proposed section 1.280A-2(i)(3), Income Tax Regs.↩