RUDOLPH J. BARNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket No. 16389-81.
United States Tax Court
T.C. Memo 1986-585; 1986 Tax Ct. Memo LEXIS 22; 52 T.C.M. (CCH) 1170; T.C.M. (RIA) 86585; December 16, 1986. Donell H. Edgerton, for the petitioner. [1]
*24 Robert Schneps, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies and an addition to tax in petitioner's Federal income tax as follows: Addition to Tax
Year
Deficiency
Sec. 6651(a)(1) [2]
1977
$1,728.45
1978
6,304.00
272.90
The first trial in this case was held October 16, 1984, but due to malfunction of reporting equipment or operator error, no transcript of that proceeding was prepared. Because the parties were unable to reach a settlement agreement, the Court then ordered that this case be calendared for trial on March 18, 1985, and a trial was held on that date. After concessions, [3] the issues for decision are: (1) the amount of deduction allowable to petitioner for use of his automobile in his trade or business during the taxable years 1977 and 1978; (2) whether petitioner is entitled to miscellaneous deductions for the taxable years 1977 and 1978; *25 (3) whether petitioner is entitled to dependency exemptions for his mother, father and daughter for the taxable year 1978; (4) whether petitioner is entitled to head of household filing status for the taxable year 1978; and (5) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failing to timely file his 1978 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of fact and exhibits attached thereto are incorporated by reference. At the time he filed the instant petition in this case, petitioner resided at Dobbs Ferry, New York.Petitioner filed his Federal income tax returns for the taxable years 1977 and 1978 with the Director of Internal Revenue, *26 Holtsville, New York. Although petitioner's 1978 income tax return was filed late on May 7, 1979, he did not submit an application with the Director of Internal Revenue requesting an extension of time in which to file his 1978 tax return. During the taxable years in issue, petitioner was employed as a medical machine specialist and received gross wages from the following institutions: 1977
1978
Veterans' Administration Hospital
$29,755.36
$21,690.61
French and Polyclinic Medical Center
986.54
New York Medical College
1,001.36
N.Y.M.C. Flower-Fifth Avenue Hospital
9,968.27
St. Agnes Hospital
1,605.24
Westchester Square Hospital
158.67
National Health Laboratories, Inc.
8,149.51
$31,743.26
$41,572.30
Petitioner's principal place of employment during 1977 and 1978 was the Veterans' Administration Hospital, Bronx, New York. Petitioner traveled to work by automobile. He carried a paging device and in his normal daily routine traveled between his various places of employment. Because he worked with an open-heart surgical team, petitioner remained on call and occasionally was summoned to work while at home. In his income tax returns *27 for the taxable years 1977 and 1978, petitioner computed business expenses with respect to the business use of his automobile by using the standard mileage rate of $ .17 per mile for the first 15,000 miles of business use and $ .10 per mile for business use in excess of 15,000 miles per year. Petitioner claimed he traveled 10,000 business miles in 1977 and 17,000 business miles in 1978. He deducted automobile expenses, parking, and tolls in the amounts of $1,894 and $3,314, for the years 1977 and 1978, respectively. As pertinent here, petitioner also deducted the following items: 1977
1978
Charitable contributions
$1,100
$500
Out-of-town travel
1,450
175
Sales tax
1,130
1,030
Tax preparation fee
75
Professional dues and journals
441
Uniforms and cleaning expense
576
License and shoe expense
100
Union dues
472
Interest expense
3,896
Petitioner, who was divorced, claimed "unmarried head of household" filing status in his 1978 return. For that year petitioner also claimed dependency exemptions for his mother, father and daughter. On Form 2038 "Questionnaire - Exemption Claimed For Dependent," petitioner stated that during 1978 *28 he contributed $5,160 for his parent's support and that his parents contributed $100 towards their support.Petitioner's parents, Mr. and Mrs. Walter Barnes, Jr., maintained their own residence during the taxable year in issue and received Social Security benefits of $6,912. Petitioner's daughter, Leila, attended college at Long Island University during 1978. In his notice of deficiency, respondent disallowed the deductions for employee business expenses taken in 1977 and 1978 on the grounds that petitioner had not established that the amounts were ordinary and necessary or were expended for the purpose designated. The deduction for interest expense in 1978 and the charitable contribution deductions for 1977 and 1978 were disallowed for lack of substantiation. Respondent determined that only sales tax deductions in the amounts of $519.40 and $750 were allowable for the taxable years in issue. Respondent also disallowed the dependency exemptions for petitioner's daughter and his parents during the taxable year 1978 on the ground that petitioner had not established that he furnished more than half the support for those individuals. Similarly, respondent determined that petitioner *29 was not entitled to head of household filing status for failure to establish that his household was a principal place of residence for a qualifying dependent. OPINION The first issue for our determination is the amount of deduction allowable to petitioner for business use of his automobile for the taxable years 1977 and 1978. Respondent argues that petitioner is not entitled to any deduction for automobile expenses in either 1977 or 1978 because of lack of substantiation. It it well settled that the cost of commuting from a taxpayer's home to his job is a nondeductible personal expense. Commissioner v. Flowers,326 U.S. 465, 470 (1946); McCabe v. Commissioner,688 F.2d 102, 105 (2d Cir. 1982), affg. 76 T.C. 876 (1981), cert. denied 459 U.S. 906 (1982); Wisconsin Psychiatric Services v. Commissioner,76 T.C. 839, 849 (1981); secs. 162, 262; secs. 1.162-2(e), 1.212-1(f), 1.262-1(b)(5), Income Tax Regs. Similarly, transportation expenses incurred for trips between home and the hospital for emergency cases *30 do not qualify as ordinary and necessary business expenses. Sheldon v. Commissioner,50 T.C. 24 (1968); Marot v. Commissioner,36 T.C. 238 (1961). The legitimate operating expenses of an automobile used in a taxpayer's trade or business, however, are deductible under section 162. Sec. 1.162-1(a), Income Tax Regs. Moreover, the cost of travel between two places of employment is deductible. Steinhort v. Commissioner,335 F.2d 496, 497-498 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court; Heuer v. Commissioner,32 T.C. 947, 953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). The burden is on the taxpayer to show the amount of the deduction to which he is entitled. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a). The source of the deduction (business automobile use) must be separated from nondeductible personal use. See section 262; Anderson v. United States,368 F.2d 225, 226 (5th Cir. 1966); *31 Michaels v. Commissioner,53 T.C. 269, 275 (1969). Although the burden is on the taxpayer to maintain adequate records from which his allowable deductions may be determined, in the absence of formal records, secondary evidence may be used by which some reasonable approximation of the allowable amount may be determined. Sec. 1.162-17(d), Income Tax Regs.[4] In the absence of specific evidence, the Court should apply its best judgment to "make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930). At trial herein, it was apparent that petitioner did use *32 his automobile in the conduct of his business, but that he kept no formal records or logs which would contain an accurate separation of his business and personal use of the automobile. Petitioner's accountant, Mr. James DeGraffenreidt testified that in preparing Mr. Barnes's tax returns, he reconstructed petitioner's automobile expenses by analyzing credit card slips for charges made for gasoline and repairs, but that the charge slips themselves did not segregate business from personal expenses. Petitioner testified he spent 90 percent of his time working and that the greatest distance between his principal place of employment and his other places of employment was approximately 50 miles. Although petitioner's testimony was vague with respect to the number of trips he made between his various places of employment and he offered no specific evidence as to the distances actually traveled, we nevertheless found him to be a sincere, credible witness. [5] In light of the record herein, we conclude that petitioner is entitled to a deduction for automobile expenses incurred in his trade or business. By applying the standards set forth in Cohan, we have determined that deductions in *33 the amount of $120 and $780 for the taxable years 1977 and 1978, respectively, are reasonable. The next issue for our determination is whether petitioner is entitled *34 to the following deductions adjusted to reflect concessions made by respondent: 1977
1978
Charitable contributions
$835.00
$220.00
Out-of-town travel
1,450.00
175.00
Sales tax
610.60
280.00
Tax preparation fee
75.00
Professional dues and journals
441.00
Uniforms and cleaning expense
576.00
License and shoe expense
100.00
Union dues
312.00
Interest expense
854.00
Deductions are a matter of legislative grace and petitioner bears the burden of proof with respect to the claimed deductions. New Colonial Ice Co. v. Helvering,supra; Rule 142(a). At trial, petitioner offered no documentary evidence or testimony concerning any of the above-listed items. Therefore, the deductions challenged by respondent, except for the tax preparation fee, are disallowed because petitioner has failed to meet his burden of proof. With respect to the deduction of the tax preparation fee disallowed for 1978, we note that petitioner's accountant, Mr. DeGraffenreidt, formerly with the Internal Revenue Service, testified that he had prepared *35 petitioner's tax returns since 1974, including the returns for the years in issue. We conclude that Mr. DeGraffenreidt received payment for his services. Applying the rule set forth in Cohan, we have determined that petitioner is entitled to a tax preparation fee deduction of $50. We now turn our attention to the issue of whether petitioner is entitled to claim his parents and his daughter as dependents for the taxable year 1978. Section 151(e) allows a dependency exemption for each dependent as defined in section 152. To prevail, the taxpayer must show: (1) that the dependent is a qualified relative of taxpayer or is an individual within the meaning of section 152(a)(9); (2) that the taxpayer furnished over half of the dependent's total support for the year; (3) that the dependent's gross income for the year was less than $750; (4) that the dependent did not file a joint income tax return with his or her spouse for the year; and (5) that the dependent is a United States citizen. Secs. 152(a), (b)(3); 151(e)(1)(A) and (e)(2). *36 Section 152(a), in pertinent part, defines a dependent as including the parent or child of the taxpayer over one-half of whose support for the year was received from the taxpayer. Support generally includes amounts used for the dependent's food, shelter, clothing, medical and dental care, education and the like. Section 1.152-1(a)(2)(i), Income Tax Regs. To meet the support test under section 152(a), a taxpayer must show: (1) the total amounts received by the dependent from all sources; [6] (2) the amounts actually applied for the support of the dependent; (3) the sources which contributed to the total support costs expended on behalf of the dependent; and (4) that the taxpayer provided over half of the total expenditures for the dependent's support. Archer v. Commissioner,73 T.C. 963 (1980); Seraydar v. Commissioner, 50 T.S. 756, 760 (1968); Turecamo v. Commissioner,554 F.2d 564 (2d Cir. 1977), affg. 64 T.C. 720 (1975). The evidence necessary to prove total cost need not be conclusive, but it must be convincing. Seraydar v. Commissioner,supra at 760; Stafford v. Commissioner,46 T.C. 515, 517 (1966). *37 If the amount of total support is not shown and cannot be reasonably inferred from the competent evidence available, then it is impossible to conclude that petitioner furnished more than one-half. Blanco v. Commissioner,56 T.C. 512, 514-515 (1971); Stafford v. Commissioner,supra at 518. Petitioner has failed to carry his burden of proof as to this issue. With respect to his parents, petitioner produced no concrete evidence as to the total amount of support they received from all sources, or to support his claim that he provided over half of the expenditures for their support. Neither petitioner nor his parents kept any records and their testimony was vague with respect to amounts actually contributed. The record revealed that petitioner's parents received Social Security benefits *38 and Walter Barnes testified that he and his wife were co-owners of a grocery store during 1978. We are not convinced that petitioner's parents contributed only $100 of their own funds towards their support. While we believe that petitioner gave his parents cash from time to time to assist them with their expenses, there is nothing in the record that justifies a finding that petitioner contributed over half of his parents' support during 1978. Even if the Court were to find that petitioner provided over half of his parents' support, however, petitioner would not be entitled to claim his parents as dependents for failure to establish that their gross income for 1978 was under $750. Counts v. Commissioner,42 T.C. 755 (1964); sec. 151(e)(1)(A). Although Social Security benefits are not included in a dependent's gross income for purposes of the gross income test, petitioner nevertheless has failed to offer evidence showing that his parents' gross income from other sources in 1978 was less than $750. Sec. 1.151-2(a), Income Tax Regs. In this regard we note that petitioner's parents worked at their grocery store sometimes six days a week *39 to pay off certain personal debts they owed in connection with the store. It is clear that the income used for repayment of debts during 1978 constituted gross income to them. Sec. 61(a)(12). Petitioner also failed to offer any evidence showing that his parents did not file a joint tax return for 1978. Accordingly, respondent's disallowance of petitioner's dependency exemptions for his parents is sustained. We also conclude that petitioner is not entitled to a dependency exemption for his daughter Leila.Although a taxpayer's child who is attending college may qualify as a dependent under sections 152(a) and 151(e)(1)(B), one prerequisite to such an entitlement is a demonstration, by competent evidence, of the total amount of the child's support furnished by all sources for that year. If the amount of total support is not shown, and cannot be reasonably inferred from the competent evidence available to us, then it is not possible to conclude that the taxpayer furnished more than one-half. Blanco v. Commissioner,supra at 515; Stafford v. Commissioner,supra at 518. *40 Petitioner has not furnished sufficient evidence with respect to his contributions for Leila's support. The testimony at trial established that Leila lived with her grandparents while attending college and, although her grandfather indicated that he received money from petitioner for Leila's support, the total amount of support from all sources has not been shown.Moreover, it cannot be reasonably inferred from the evidence available that petitioner furnished more than one-half of her support. Respondent's disallowance of the dependency exemption for petitioner's daughter is therefore sustained. The next issue for our consideration is whether petitioner qualifies for "head of household" filing status as defined in section 2(b). Section 2(b) provides, in pertinent part, that the head of a household is an unmarried individual who maintains as his home a household which is the principal place of abode for the entire year of his child or any other person for whom the taxpayer is entitled to a dependency exemption. An exception to this rule is that a taxpayer's dependent mother or father may *41 live apart from the taxpayer. However, the taxpayer must pay over half the cost of maintaining his parent's household to qualify for head of household status. Sec. 2(b)(1)(B). With respect to children of the taxpayer, the regulations allow head of household status even where the taxpayer cannot claim a child as a dependent, and further allow head of household status where a child is temporarily absent (such as to attend college). Section 1.2-2(b)(3)(i) and (c)(1), Income Tax Regs. The taxpayer nevertheless must show that a dependent's principal place of abode was in taxpayer's home. We conclude that petitioner has also failed to meet the burden of proof as to this issue. As noted above, petitioner has not established his entitlement to dependency exemptions for his parents. Moreover, since he has not shown that he actually furnished over half of the cost of maintaining his parents household during 1978, he has not qualified for head of household filing status. In addition, petitioner has not shown conclusively that his daughter's principal place of abode was with petitioner. Respondent's determination that petitioner is not entitled to "head of household" filing status is, *42 therefore, sustained. Finally, respondent determined an addition to tax under section 6651(a)(1) for the taxable year 1978. The burden of proof is on petitioner to establish that he is not liable for this addition to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Section 6651(a)(1) imposes an addition to tax not exceeding 25 percent in the aggregate in the case of failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Thus, to avoid the late filing addition to tax, petitioner must show that his failure to timely file was due to reasonable cause and not due to willful neglect. Sec. 301.6651-1(c)(1), Proced. and Admin. Regs. Petitioner must demonstrate reasonable cause by showing he exercised ordinary business care and prudence and was nevertheless unable to file the return within this prescribed time. Although petitioner's 1978 Federal income tax return was due on April 15, 1979, he did not file his 1978 tax return until May 7, 1979. Petitioner did not request an extension to file his *43 1978 return. Because petitioner failed to offer any evidence at trial regarding his failure to timely file his 1978 income tax return, he has failed to sustain his burden of proof on this issue. Therefore, the addition to tax under section 6651(a)(1) determined by respondent is sustained. See Jarvis v. Commissioner,78 T.C. 646 (1982); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). To reflect the concessions by respondent and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Counsel represented petitioner at trials held at New York, New York, but did not file a brief on behalf of petitioner despite numerous extensions of time granted by this Court.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Prior to trial respondent conceded, and the parties stipulated, that petitioner was entitled to the following deductions: charitable contributions of $265 and $280 for the taxable years 1977 and 1978, respectively; New York State income taxes paid in the amount of $748 for the taxable year 1977 (not deducted previously in that year's return); and union dues of $160 and interest expenses of $3,042 for the taxable year 1978.↩
4. Because petitioner's travel was not "away from home," United States v. Correll,389 U.S. 299 (1967); Gestrich v. Commissioner,74 T.C. 525, 530-531 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982); Paolini v. Commissioner,T.C. Memo. 1982-69, the stricter requirements of section 1.274-5, Income Tax Regs.↩, do not apply.
5. Petitioner testified that he has been audited on several occasions and in those years respondent subsequently allowed deductions for automobile expenses, as well as a dependency exemption for petitioner's daughter. However, in our judgment, the manner of treating these deductions in earlier years is wholly irrelevant, since it has been "firmly settled that each tax year is [a separate] matter and the Commissioner may challenge in a succeeding year what he condoned or agreed to in a former year * * *." Harrah's Club v. United States,661 F.2d 203, 205 (Ct. Cl. 1981) and cases cited therein. See also Caldwell v. Commissioner,202 F.2d 112, 115 (2d Cir. 1953). "The mere fact that [the taxpayer] may have obtained a windfall in [an earlier year] does not entitle him to like treatment in [a later year]." Tollefsen v. Commissioner,52 T.C. 671, 681 (1969), affd. 431 F.2d 511 (2d Cir. 1970), cert. denied 401 U.S. 908↩ (1971).
6. With respect to the total amounts received by dependents from all sources, amounts received by a dependent from Social Security which are used for his own support have been considered by this Court in determining whether the taxpayer provided over one-half of the dependent's support for the year. Finley v. Commissioner,T.C. Memo. 1978-421↩.