Floyd H. ANDERSON and Pauline Anderson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 22807.

United States Court of Appeals Fifth Circuit.

Oct. 31, 1966.

Dougal C. Pope, Houston, Tex., for appellants.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., Gilbert E. Andrews, Lawrence B. Silver, Attys., Dept. of Justice, C. Moxley Featherston, Acting Asst. Atty. Gen., Washington, D. C., Woodrow Seals, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM.

Taxpayer seeks to deduct as business expenses under Sec. 162 [1] certain automobile and entertainment expenditures incurred during the taxable years 1959 through 1962.[2] The district court directed a verdict in favor of the government. That the expenses were incurred is agreed; the only question is the deductibility of the expenses.

■ Taxpayer is employed by International Business Machines Corporation as a sales manager for the Houston area. IBM reimburses its employees for automobile expenses incurred while the vehicle is used for purposes it considers related to business. Taxpayer was reimbursed on a mileage basis for miles driven from his office to his customers' offices and the return trip.[3] The government allowed deductions of the reimbursed amounts. However, taxpayer claims that his automobile business expenses greatly exceeded the amounts he was reimbursed. Since taxpayer used his car for both business and personal travel, he has the burden to establish the amount to be allocated to each and to show that the expenses attributable to his employment exceeded the amounts he was reimbursed. Tidwell v. Commissioner, 298 F.2d 864, 865 (4th Cir. 1962); Walter I. Geer, 28 T.C. 994, 996 (1957); Treas. Reg. Sec. 1. 162–17(d) (2) (1958). Taxpayer allocated 80 percent of his total automobile costs to business simply on the ground that he felt it was a fair figure. He contended that mileage is not the only factor that should be considered because some expenses are incurred regardless of mileage.[4] Yet he did not provide any other basis by which the costs of operation of the car could be apportioned. Furthermore, he made no offer to show that the cost of operating the car on the trips for which he was reimbursed exceeded the reimbursements.

■ Taxpayer entertained customers of IBM and his fellow employees in his home and in private clubs. The testimony regarding the purpose of these parties was vague and general. It failed to establish that the expenses were directly attributable to the taxpayer's business. Taxpayer did not provide any particular business motive for having the parties; nor did he explain how he expected to derive benefit from them. See Kornhauser v. United States, 276 U.S. 145, 153, 48 S.Ct. 219, 72 L.Ed. 505 (1928); Noland v. Commissioner, 269 F. 2d 108, 112 (4th Cir.), cert. denied, 361 U.S. 885, 80 S.Ct. 156, 4 L.Ed.2d 121 (1959); Louis Boehm, 35 B.T.A. 1106, 1109 (1937), acq., 1937–2 Cum. Bull. 3.

■ Taxpayer also claims as a business capital loss 75 percent of the cost of a country club membership which he forfeited. Only one customer was taken to the club but taxpayer's family used the club on several occasions. He intended to use the club for business purposes but admitted the actual use of the club was not consistent with his intentions.

■ Viewing this evidence in the light most favorable to the taxpayer, it is clear that no jury could reasonably conclude that taxpayer is entitled to deduct the amounts claimed as ordinary and necessary business expenses. See

---

1. All section references are to the Internal Revenue Code of 1954. Section 162 provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." On the other hand, Sec. 262 disallows deductions for personal, living, or family expenses.

2. Thus the substantiation requirements for entertainment expenses provided by Sec. 274 and the Treasury regulations thereunder are not relevant since they apply only with respect to taxable years ending after December 31, 1962, Treas.Reg. Sec. 1.274–8 (1963).

3. Reimbursement was computed at 13 cents per mile for the first 50 miles per week; 11 cents per mile for the next 50 miles per week; and thereafter 9 cents per mile.

4. For example, insurance, depreciation, parking.

United States v. Bryan, 265 F.2d 698, 699 (5th Cir. 1959). The district court was right in directing a verdict in favor of the government. The judgment is affirmed.