NICKOLAS L. BARNES and ROSALIE BARNES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket No. 8144-80
United States Tax Court
T.C. Memo 1981-539; 1981 Tax Ct. Memo LEXIS 200; 42 T.C.M. (CCH) 1175; T.C.M. (RIA) 81539; September 24, 1981. Nickolas L. Barnes, pro se. Edith Siler, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1976 in the amount of $ 886.41. The sole issue presented here for our decision is the correct amount of automobile expenses allowable for trade or business usage. FINDINGS OF FACT Some of the facts have been stipulated. The findings of fact and the attached exhibits are incorporated herein by this reference. Nickolas L. Barnes (Nickolas) and Rosalie Barnes, petitioners herein, filed a joint Federal income *201 tax return for the taxable year 1976. At the time of the commencement of this suit, petitioners were residents of Chicago, Illinois. [1]
During 1976, Nickolas owned three apartment buildings in Chicago, Illinois. The first of these, located at 466-68 East 41st Street, was acquired in 1964 or early 1965 and consisted of 5 units plus a basement apartment. They also owned two apartments at 6532 South Rhodes Avenue, which were acquired in late 1969 or 1970. Finally, they owned a building located at 7336 South Constance Avenue. During 1976, petitioners resided in one of the Constance Avenue apartments. When purchased, all of the buildings had substantial building code violations, many of which Nickolas cleared up over the years he owned them. They were in good shape by 1976 generally needing only routine repair work. During 1976, petitioner also owned three automobiles which were used for several purposes, business as well as personal. On the business side, he used the cars primarily for transportation to his apartment buildings where *202 he performed inspections of the premises and made the necessary repairs. The approximate round trip mileage from his home to the apartment buildings, assuming both are visited in one outing, is 11 miles. When required, Nickolas would drive around town to various stores to purchase parts and supplies. He also made trips to court and to the building department. The only other business use of the vehicles claimed by Nickolas was to visit clients of his "accounting, auditing and tax service." As far as personal use is concerned, Nickolas was employed full time during 1976 as an auditor by the Community Services Administration. Petitioner concedes that his automobile expenses arising from commuting to and from work are purely personal and hence nondeductible. On their 1976 Federal income tax return, petitioners claimed a deduction for automobile expenses in the amount of $ 2,412.25. This figure was based upon a business related mileage of 13,583 out of 18,111 total miles driven. The business mileage (13,583) was then multiplied by the standard mileage rate (15 cents), which yielded $ 2,037.45. Adding to this $ 375 for parking fees and tolls, a total figure of $ 2,412.25 was arrived *203 at. The computation of the proportion of business usage to total usage as made by petitioners involved an estimation of personal usage. As a first step, Nickolas recorded in an expense book the mileage at the beginning and end of the year for each car. Taking the difference and adding the three cars together, he found he had driven 18,111 total miles. Nickolas then estimated that 75 percent of these miles were driven for business purposes and he therefore reported 13,583 business miles (75 percent of 18,111 total miles). [2]
In his statutory notice of deficiency respondent disallowed $ 2,412.25 claimed as an automobile expense on the grounds that petitioner had failed to keep proper records (log or diary), was unable to verify the business relationship, and had not substantiated the percentage of business use. OPINION Nickolas owned apartment buildings *204 which he rented out. He used his three automobiles for transportation to these buildings where he made inspections, to various stores where he purchased supplies with which to make repairs, and to the building department offices and the court to deal with building code violations. He also derived use from these vehicles for personal reasons. Nickolas claims that 75 percent of the total miles driven was business related. Respondent does not believe petitioners are entitled to any deduction since he feels petitioners cannot verify the percentage of business usage. Operating expenses of automobiles used in the taxpayer's trade or business are deductible under section 162. [3]Section 1.162-1(a), Income Tax Regs. Like any other expense, however, a deduction is only allowed to the extent the taxpayer proves his entitlement thereto. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Since respondent does not dispute the total number of miles driven nor the use of the optional milage rate in lieu of proof of actual expenditures, the only issue we must decide is the percentage of time the vehicles were devoted to business. Since any personal use of the automobiles *205 is nondeductible (section 262), and petitioner has used his car for both business as well as personal travel, the burden is upon him to establish the amount to be allocated to each. Anderson v. United States, 368 F.2d 225, 226 (5th Cir. 1966); Michaels v. Commissioner, 53 T.C. 269, 275 (1969). Since we are satisfied that petitioner did indeed use his cars to some extent in connection with his apartment rental endeavors, Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), we will proceed to attempt an estimate of the actual time the automobiles were used in the business. Nickolas testified that he traveled to the apartment buildings about 300 times during the year. The approximate round trip mileage from his home is 11 miles, so that 300 trips would result in 3,300 total business miles. We simply do not believe petitioner made anything like 300 trips; particularly since he had an extended illness during the year in issue. Based on the entire record, and allowing for the period of petitioner's illness, we find petitioner made 208 trips during *206 the year traveling 2,288 miles. As for his trips to court and to the building department, we cannot believe that this required more than an average of one trip per week. At 18 miles round trip, this works out to 936 miles per year. As for shopping excursions to purchase materials with which to make repairs, Nickolas testified that he made such trips primarily on the weekends. Assuming an average of 20 miles per outing every weekend for an entire year, this would come to 1,040 miles. Totalling these amounts, we find that petitioner is entitled to the following deduction: 2,288 miles
to apartment buildings 936 miles
to court and building department
1,040 miles
to purchase supplies
4,264 miles
x.15 cents per mile (optional mileage rate)
$ 639.60
We are not allowing anything for parking and tolls since no evidence was introduced, either documentary or testimonial, to show that any expenses were incurred for these purposes. We feel our decision comports with the realities as Nickolas described them at trial.He had a full-time job which consumed the greater part of his time, and he also suffered from an extended illness and took substantial sick leave *207 during the year. He testified that although when he acquired the buildings there were substantial building code violations to be remedied, most of this work had been completed by 1976. The buildings were in pretty good shape, needing for the most part only normal repairs.
Decision will be entered under Rule 155. Footnotes
1. Since Rosalie Barnes is a party herein solely as a result of filing a joint return, the term petitioner refers to Nickolas L. Barnes.↩
2. The total was actually 19,611 miles, but Nickolas subtracted 1,500 miles off the top for his wife's commuting to school, leaving 18,111 miles. The difference between this figure and the 13,583 figure was comprised in part of Nickolas' commuting expenses. He commuted 18 miles a day for 36 weeks, or a total of 3,420 miles.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩